Coit vs. The State.

———————◆———————

COIT vs. THE STATE.

CIRCUIT COURTS: *How and for what, may suspend circuit clerks.*

  Coit, circuit clerk, was indicted for forgery; whereupon, the court, upon presentment of the indictment, suspended him from the functions of his office. On *mandamus* by Coit to be reinstated: *Held*, 1st. The record should show service on the defendant in the indictment, or that he was present in court at the time the judgment of suspension was rendered. 2d. That under sec. 15, chap. 30, Gould's Digest, before the clerk of a circuit court can be suspended, it must be shown affirmatively that he has been guilty of some misdemeanor in office, or of some misconduct denounced by the statute, or is incapacitated. 3d. That the court in the first instance, cannot render judgment of absolute removal, but only, suspension until the trial of the charge.

  27

APPEAL from *Ouachita* Circuit Court.

Hon. J. T. ELLIOTT, Circuit Judge.

*Compton & Martin,* for appellent.

*Rose & Green,* for appellee.

BENNETT, J.    William B. Coit was circuit clerk of Oua-
chita county.    At the October term of 1873, of the circuit
court of that county, the following proceedings were had :
" Came the grand jury, and said grand jury informing the
court that they have found a true bill of indictment against
William B. Coit, the clerk of this court; it is therefore or-
dered by the court that the said William B. Coit be suspended
from exercising the functions of clerk of this court, and that
the sheriff, for the time being, take charge of the records and
papers pertaining to said office."

The record does not show that there was any service upon
the defendant, but that the judgment was rendered in a very
summary manner.    The defendant not being before the court,
it did not have jurisdiction of his person or property, and any
judgment rendered against him is erroneous.

Subsequently, at the same term, it was ordered " that said
Coit be held in custody and suspended from office, on account
of the indictment in this case, numbered 900."

Coit was afterward released on bail.

The action of the court undoubtedly was based upon sec-
tion 15, chapter 30, Gould's Digest, which reads as follows :
" When the circuit court shall be satisfied from its own knowl-
edge, or from the information of others on oath, that the clerk
of such court has been guilty of any misdemeanor in office,
or shall be incapable of discharging the duties of his office
according to law, or shall be a drunkard, such court shall
give notice thereof to the prosecuting attorney, stating the
charges against such clerk, requiring him to prosecute the

Coit vs. The State.

same; and such clerk may be suspended from office until a trial can be had."

Before a clerk of the circuit court can be suspended under this statute, it must be shown affirmatively that he has been guilty of some misdemeanor in office ; or that he is incapable of discharging the duties of his office according to law ; or that he is a drunkard. It was designed to protect the public from the wrongs which might be committed by a dishonest, or an incapable or a drunken official.

This is a summary proceeding, and a court will not be warranted in suspending one of its officers only upon the most convincing and indubitable proofs that the best interest of the public will be subserved by such suspension, and such evidence should be placed on record in such substantial manner as would show that the action of the court was based upon tangible premises.

The record before us does not disclose any such facts in relation to Coit. The only showing presented for the suspension is stated in the order of the court "that the grand jury have found a true bill of indictment against William B. Coit, the clerk of this court." A copy of this indictment is not found in the record, nor have we any means of knowing what it contains, or of what its allegations consist, except from its style, which is as follows: "State of Arkansas v. William B. Coit. No. 900. Forgery."

From this we would presume (if presumptions are allowable) that the court suspended Coit because it had good reason to believe he was guilty of a misdemeanor in office. It must have been this or nothing.

A "misdemeanor in office" is to use improperly or to abuse the functions of an office, to do some act by virtue of an office which is not lawful to do. It is not every misdemeanor or every crime which may be charged against a circuit clerk that will warrant a suspension of him from his duties.

He may be charged with an assault, or even of robbery, or any other misdemeanor or crime alleged to be committed in a manner entirely unconnected with the duties of his office, yet he would not be liable to a suspension under the provisions of this statute. The act charged must be directly pertaining to or connected with his office, and tending to raise a violent presumption that he was an unfit person to be intrusted with its duties.

The usual presumption in favor of a judgment of a court of record cannot prevail in this instance, because there is nothing shown in the record upon which to base it. It is true that an indictment was found against Coit for forgery, but it is not shown what is alleged to have been forged—whether a note, bond or other instrument of writing not connected with his office, or whether he is accused of falsely making, altering or forging any record of which he was the lawful custodian.

The case of *Farish v. Jones*, 23 Ark., 323, was an action of debt by petition and summons upon a promissory note. At the return term the defendant appeared and filed two pleas — *nil debit* and a special plea in bar. At the next term the court struck out the first plea, sustained a demurrer to the second, and rendered judgment for the plaintiff. Judge ENGLISH, in delivering the opinion of the court, says : " For what cause the court struck out the plea of *nil debit* does not appear. The counsel for the appellee insists that it must be presumed, for the purpose of sustaining the judgment, that the plea was stricken out for some good and sufficient cause. But such presumption cannot be indulged against the affirmative showing made by the record that the court erred." The case of *Ayres v. Dobson and Hughes*, 5 Stewart and Porter, 441, was a writ of error to review the proceeding of a county court, whereby a judgment had been entered on motion against a sheriff, under a statute of Alabama providing for such a proceeding.

Coit vs. The State.

In delivering the opinion of the court, Judge THORNTON says: "It is important, in deciding upon this case, to determine for what particular violation of his duty the sheriff was sought to be made liable. The mode of recovery against a sheriff by motion is a cumulative remedy given by statute, and only lies when it is so expressly given. It is allowed for not levying money on execution, when practicable; for not paying it over when levied; for making a false return and for not returning the writ. * * If the motion in this case were for any thing else than the failure to return the writ itself back to the office, the evidence which is spread upon the record would not furnish a shadow of support to it. * * If this were an ordinary case where the question raised by demurrer to the evidence were decided upon below, and brought up properly for our revision, we could not hesitate, from our view of the evidence, to reverse the decision of the county court. But the only judgment which can be rendered in a motion like this, if it be considered as made for detaining the execution from the office, being a fine which is placed by statute in the discretion of the inferior tribunal, and the exercise of discretionary power not being the subject of supervision, we would not disturb this judgment. * * This discretionary power, however, is confined to the amount of fine to be assessed within the limits of the statute and to the evidence which, in contemplation of law, affects that amount— power over the evidence being an incident to power to fine.

"But, when this discretionary power wanders from the channel which the law has prescribed for its course, it is subjected immediately to the controlling influence of this court. Claiming thus far a supervising authority, let us look into the proceeding.

"Without deciding whether the notice required by the statute was good in the manner it was issued, we think that

the judgment itself cannot find any support in the record, and should be reversed as a nullity. Every judgment should rest upon some certain and definite basis which the record discloses.

"I ask, for what violation of duty by the officer was this judgment pronounced? The record is silent on this subject, or speaks with oracular ambiguity. In summary proceedings of this kind, a motion should be entered upon the record showing for what cause the action of the court is sought. Sometimes the notice, which is properly evidence under the motion, is adopted as the motion, and this will do when the notice itself is single or for one cause, and that unequivocally set forth.

"From reading the notice, the other evidence accompanying it, and the judgment itself, my mind is irresistibly led to the conclusion that the whole proceeding was had upon a misconceived apprehension of this summary proceeding.   *    * It is unnecessary, however, to speculate about the meaning of the record; when there is room for conjecture there is a palpable error, and this record is so fruitful of it the judgment it contains must be reversed."

The statute upon which this proceeding was based was very similar in spirit and effect to the one under which Coit was suspended, except under one, the officer was summarily fined, and under the other, summarily suspended from office, and we can with propriety say, as was said in the Alabama case, "that the judgment itself cannot find any support in the record, and should be reversed as a nullity." And we could also ask, for what violation of duty, or for what misdemeanor in office was Coit suspended? The record is silent on this suject. In summary proceedings of this kind the record should speak no uncertain sound. It should show clearly and distinctly the cause of the action of the court.

But we are told that there is nothing in this case to take it out of the rule asserted in *Steck v. Mahar* and *Ashley v. Stoddard*, and several other decisions, viz : That an error would not be corrected unless incorporated in a motion for a new trial.

The record shows that Coit had no trial. The court arbitrarily, without any cause, by an order, suspended him from office. Coit did all he could — entered his exceptions to the proceedings, which exceptions were in the nature of a general demurrer to them. All that was done in the premises is disclosed by the record, and there was no necessity for a bill of exceptions to place evidence on it. The action of the court was the charge, the evidence and the sentence, as much so as judgments rendered on demurrers. No decision has ever required a motion for a new trial in such cases.

Proceedings of the kind now under consideration are, by the statute, based :

*First.* On the knowledge of the court ;

*Second.* On an affidavit.

While in the first case no formal complaint, declaration or indictment is necessary, yet, it is essential that the record should show what is the gravamen of the charge. By the constitution the supreme court has general supervision and control over all inferior courts, and their action in all matters may be revised either by certiorari or appeal, and when matters affecting the substantial rights of an officer are passed upon, no good reason can be adduced why they should not appear upon the record in a substantial manner. Otherwise it would not be known when the inferior tribunal has acted within the bounds of discretion.

Another palpable error of the court was the indefinite suspension of Coit. The judgment rendered makes it an absolute removal from office. This is in violation of the plain provisons of the statute. He should only have been suspended

until a trial of the charge against him was had. (See sections 15 and 19 of the act.) The design of the statute was, if the clerk was acquitted upon the charges, he could be placed so he could immediately resume the duties of his office without delay. In this case it will be necessary to have the judgment of suspension set aside, before Coit can take charge of his office.

Judgment reversed ; cause remanded, with instruction to set the proceedings aside.

GREGG, J., dissenting.